UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

STANLEY MAURICE HARDGE                                                          PLAINTIFF

V.                                                   CIVIL ACTION NO.: 3:11-cv-328-DPJ-FKB

JARVIS CONNERS                                                                  DEFENDANT

ORDER

Plaintiff, an inmate of the Hinds County Detention Center, filed on June 1, 2011, a *pro se* complaint [1] pursuant to 42 U.S.C. § 1983 (2006) and requested *in forma pauperis* status.  On June 2, 2011, two Orders [3, 4] were entered in this case.  One Order [3] directed Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within thirty days.  The other Order [4] directed Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application within thirty days.  Plaintiff was warned that failure to timely comply with any Order of this Court or failure to keep the Court informed of his current address may lead to the dismissal of his case.  Plaintiff failed to comply with both of these Orders.

On August 4, 2011, an Order [6] was entered directing Plaintiff to show cause, on or before August 19, 2011, why this case should not be dismissed for his failure to comply with the Orders of June 2, 2011.  In addition, Plaintiff was directed to comply with the previous Orders by filing the required documentation, on or before August 19, 2011.  The Show Cause Order [6] warned Plaintiff that failure to timely comply with the requirements of the Order or

failure to keep the Court informed of his current address would lead to the dismissal of his complaint without further notice. On August 23, 2011, the envelope [7] containing the Show Cause Order [6] was returned by the postal service with the notation "return to sender - not here - released."

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to the summary dismissal of this case. On September 7, 2011, a Final Order to Show Cause [8] was entered in this case. Plaintiff was directed to show cause, on or before September 21, 2011, why this case should not be dismissed for his failure to comply with the Court's Orders of June 2, 2011, and August 4, 2011. In addition, Plaintiff was directed to comply with the previous Orders by filing the required documentation, on or before September 21, 2011. The Final Order to Show Cause [8] warned Plaintiff that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the Order would lead to the dismissal of his complaint without further notice. On September 14, 2011, the envelope [9] containing the Final Order to Show Cause [8] was returned by the postal service with the notation "return to sender - not here - released." Needless to say, Plaintiff has not complied with the Final Order to Show Cause [8].

Plaintiff has failed to comply with four Court orders, and he has not contacted this Court since June 1, 2011. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998);

*McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629–30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009) (affirming dismissal based on inmate's failure to comply with a court order).  Since the Defendant has not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, Ltd. v.  Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 7th day of October, 2011.

          s/ *Daniel P. Jordan III*
          UNITED STATES DISTRICT JUDGE